IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY-WALSH, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-837C |
| v. | ) | |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff, Grunley-Walsh, LLC ("Grunley-Walsh"), defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Denies the allegation contained in the first sentence of paragraph 4 that on May 6, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Avers that on May 13, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Admits the remaining allegations contained in the first sentence of paragraph 4 to the extent supported by Contract No. 1443CX305998901, which is the best evidence of its contents; otherwise, denies the remaining

allegations contained in the first sentence of paragraph 4. Admits the allegations contained in the third sentence of paragraph 4.

5. Denies the allegation contained in the first sentence of paragraph 5 that Contract Modification No. 7 was dated November 15, 2001. Avers that Contract Modification No. 7 was dated November 21, 2001, and was effective November 15, 2001. Admits the remaining allegations contained in paragraph 5 to the extent supported by Modification No. 7, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6. Admits the remaining allegations contained in paragraph 6 to the extent supported by Task Order 35, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 6.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth. Avers that the Olin Partnership is a subcontractor of Grunley-Walsh.

8. The allegations contained in paragraph 8 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in the first and second sentences of paragraph 9 to the extent supported by the October 18, 2006 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first and second sentences of paragraph 9. The allegations contained in the third sentence of paragraph 9 constitute

conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. Admits the allegation contained in paragraph 11 that the contracting officer has not issued a final decision on the Certified Claim. The remaining allegations contained in paragraph 11 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Denies. Avers that with Task Order 28, "Schematic Design, Design Development, and Supplemental Services for the Washington Monument Vehicle Barrier System and Underground Visitor Screening Facility," the National Park Service transmitted drawings to Grunley-Walsh.

13. Denies the allegations contained in the first sentence of paragraph 13. Admits the allegations contained in the second sentence of paragraph 13 to the extent supported by the "subsurface investigation report" prepared by Grunley-Walsh pursuant to Task Order 22, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 13. Denies the allegations contained in the third sentence of paragraph 13 as to what Grunley-Walsh "believed" for lack of knowledge or information sufficient to form a belief as to their truth; denies that any belief that Grunley-Walsh may have had that it would be provided with an equitable adjustment was reasonable.

14. Admits the allegations contained in the first sentence of paragraph 14 to the extent supported by the modifications cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 14. Admits the allegations contained in the second and third sentences of paragraph 14 to the extent supported by Modification No. 6, which is the best evidence of its contents; otherwise, denies the allegations contained in the second and third sentences of paragraph 14.

15. Denies the allegations contained in the first sentence of paragraph 15. Admits the allegation contained in the second sentence of paragraph 15 that the area east and southeast of the Monument Lodge was one of the lower areas of the project site; denies the remaining allegations contained in the second sentence of paragraph 15. Admits the allegations contained in the third sentence of paragraph 15 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the third sentence of paragraph 15.

16. Denies the allegation contained in the first sentence of paragraph 16 that the unsuitable soils were "discovered;" admits the remaining allegations contained in the first sentence of paragraph 16. Denies the allegations contained in the second and third sentences of paragraph 16.

17. Denies the allegations contained in the first sentence of paragraph 17. Admits the allegation contained in the second sentence of paragraph 17 that grading work in this area of the Project was performed during the winter; denies the remaining allegations contained in the second sentence of paragraph 17.

18. Denies the allegations contained in the first sentence of paragraph 18. Admits the allegations contained in the second and third sentences of paragraph 18 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the second and third sentences of paragraph 18.

19. Denies the allegations contained in the first sentence of paragraph 19. Admits the allegations contained in the second and third sentences of paragraph 19 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the second and third sentences of paragraph 19.

20. Admits the allegations contained in the first and second sentences of paragraph 20 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first and second sentences of paragraph 20. Denies the allegations contained in the third sentence of paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Admits the allegation contained in the first sentence of paragraph 21 that the project consisted of a 65 acre construction site to the extent supported by Contract No. 1443CX305998901 and Task Order 35, which are the best evidence of their contents; otherwise, denies the allegation contained in the first sentence of paragraph 21 that the project consisted of a 65 acre construction site. Denies the remaining allegations contained in the first sentence of paragraph 21. Admits the allegation contained in the second sentence of paragraph 21 that the contract did not specifically require Grunley-Walsh to protect that grounds "with plastic so no moisture would penetrate the soils;" otherwise, denies the allegations contained in the second sentence of paragraph 21. Denies the allegations contained in the third and fourth sentences of

paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fifth sentence of paragraph 21.

22. Denies the allegation contained in paragraph 22 that the work constituted "unpaid change work;" admits the remaining allegations contained in paragraph 22 to the extent supported by the Certified Claim cited, which is the best evidence of its contents, otherwise, denies the remaining allegations contained in paragraph 22.

23. The allegations contained in paragraph 23 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. Defendant's responses to paragraphs 1 through 23 of the complaint are incorporated by reference.

25. The allegations contained in paragraph 25 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 29, or to any relief whatsoever.

29. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

30. Plaintiff's claims are totally or partially barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

31. Plaintiff's claims are totally or partially barred by accord and satisfaction.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

OF COUNSEL:
Alton Woods
Assistant Solicitor
Emily Parkhurst
Attorney Advisor
Department of the Interior
General Law Division
1849 C Street NW
Room 7322
Washington, DC 20240

February 9, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle